Johnson, J.
According to Boyd v. Boyd, 2 N. & M’C. 125, if a blank be signed sealed and delivered, and afterwards written, it is no deed, and so, indeed, are all the cases — This attachment was issued by a Justice of the peace, and the 4th section of the act of 1785, Pub. Laws, 368, provides, that the Justice, “before granting the attachment, shall take bond and security from the party for whom the said attachment shall issue, in double the sum attached, payable to the defendant,” to be conditioned to pay and satisfy *268 cosí:s and damages which the defendant shall sustain, in consequence of suing out the attachment. — * On this proviso two things are to be remarked — First, the bond must be given before the attachment can issue ; Second, that the Justice must take the bond. It follows, necessarily, that the bond must be perfected before the attachment can issue, and that the magistrate is the agent of the defendant, to accept the delivery of the bond, and according to the rule, it is not the deed of the defendants.
The act directs, that the bond shall be returned to the Court to which the attachment is returnable, but that is a mere place of deposit — the clerk has no authority to do any one act connected with its execution. He can neither judge of the form of the bond, or of the sufficiency of the security, and must file it in his office, however informal and insufficient. It is not enough, therefore, that the bond was per - fect, when it was returned to the clerk’s office.
The subsequent prosecution of the attachment, could not operate as a confirmation, or recognition of the bond, within the rule stated in Duncan v. Hodges—that might have been done without any bond.— Without the bond the attachment issued wrongfully, and its subsequent prosecution was but the continuation of the wrong, and could not make a bond, where none before existed. For want of the bond, the defendant in attachment might have set aside the proceedings, and upon an application to the Court for that purpose, it would not have availed the defendant, if he had answered — “it is true the attachment issued without bond, but I have persisted in the error, and therefore that defect is cured.”
There is another reason why the subsequent prosecution of the attachment, can not operate as a confirmation of the bond. By the act, the plaintiff in attachment must give security. His subsequent confirmation of the bond, however palpable, could not operate upon the securities — though he had recognized *269 its binding obligation in every possible form, even by confessing this action, that would not bind the other defendants his securities.
Bauskett, for the motion.
Butler, contra.

Motion granted.

O’Neall J. concurred.
Harper J. absent.